```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MARY ANN CHIULLI and              :
ROBERT MOORE,
                                  :    03 Civ. 6670 (HBP)
              Plaintiffs,
                                  :    OPINION
    -against-                          AND ORDER
                                  :
INTERNAL REVENUE SERVICE,
                                  :
              Defendant.
                                  :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

Pro se plaintiffs move pursuant to Fed.R.App.P 4(a)(5) for an extension of time to file a notice of appeal from the judgment entered on May 2, 2005. For the reasons set forth below, plaintiffs' motion is denied.

II. Facts

The facts of this case are set forth in detail in my Opinion and Order dismissing the action, familiarity with which is assumed. See generally Chiulli v. Internal Revenue Serv., 03 Civ. 6670 (HBP), 2005 WL 579885 (S.D.N.Y. Mar. 11, 2005). In short, I concluded in that Opinion that plaintiffs' claims for a refund of approximately $12,000 in overpaid taxes had to be

dismissed because plaintiffs had failed to comply with certain procedural requirements in a timely manner.

Plaintiffs now seek to appeal from my Order dismissing their claims. Judgment in this action was entered on May 2, 2005. Pursuant to Fed.R.App.P. 4(a)(1)(B), plaintiffs had 60 days from this date, or until July 1, 2005, to file their notice of appeal. The Court's Pro Se Office received plaintiffs' notice of appeal and request to file the notice untimely on July 7, 2005. Plaintiffs' Motion for Extension of Time to File a Notice of Appeal states, in its entirety:

> With apologies, we have been struggling to prepare the entire motion, and have had 3 trips to Europe and 5 out of state during this period. When we presented all the material, together with these forms, at the Pro Se office, we learned that we were only required to file these at this time.

(Emphasis in original).

III. Analysis

Compliance with the time limits for filing a notice of appeal is "'mandatory and jurisdictional.'" Endicott Johnson Corp. v. Liberty Mut. Ins. Co., 116 F.3d 53, 55 (2d Cir. 1997), quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). The Court of Appeals lacks jurisdiction to hear an appeal if no notice of appeal is filed within the time limits set by Rule 4. Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 363 (2d Cir. 2003), cert. denied, 540 U.S. 1105 (2004)

2

(citations omitted). Fed.R.App.P. 4(a)(5) permits a district court to extend the time to file a notice of appeal provided that the extension is sought within 30 days of the deadline set by Rule 4(a)(1) and the movant shows "excusable neglect or good cause." "The power of the federal courts to extend [the] time limitation [for filing a notice of appeal] is severely circumscribed." Endicott Johnson Corp. v. Liberty Mut. Ins. Co., supra, 116 F.3d at 56.

The Advisory Committee Notes for the 2002 Amendments to Rule 4 explain that the "excusable neglect" and "good cause" standards are distinct:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault -- excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

See Bass v. NYNEX, 02 Civ. 5171 (DLC), 2004 WL 2674633 (S.D.N.Y. Nov. 23, 2004) (applying the same Advisory Committee Notes in denying a motion for an extension of time to appeal). Construing pro se plaintiffs' motion liberally as I must, Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam); Platsky v. Cent. Intelligence Agency, 953 F.2d 26, 28 (2d Cir. 1991), the governing standard here is "excusable neglect" rather than "good cause" because their need for an extension was caused by something within their control, namely multiple trips to Europe and out-of-

state and a lack of knowledge concerning the time limitations set forth in Fed.R.App.P. 4(a)(1).

The determination of what constitutes "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).[1] "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" Silivanch v. Celebrity Cruises, Inc., supra, 333 F.3d at 366 (alterations in original), quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, supra, 507 U.S. at 395.

Typically, the first two Pioneer factors favor the movant. The delay will always be minimal and the prejudice to the non-movant negligible due to Rule 4(a)(5)'s requirement that the motion for an extension be made within 30 days of the original filing deadline. Further, cases have rarely denied a motion

---

[1] Although the Pioneer standard for "excusable neglect" was originally applied by the Supreme Court to a bankruptcy rule, the Second Circuit has since applied the same standard to Fed.R.App.P. 4(a)(5). Silivanch v. Celebrity Cruises, Inc., supra, 333 F.3d at 366; United States v. Hooper, 9 F.3d 257, 259 (2d Cir. 1993).

4

for an extension based on the absence of good faith.  Silivanch v. Celebrity Cruises, Inc., supra, 333 F.3d at 366, citing Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000). The Second Circuit has usually focused on the third factor -- "'the reason for the delay, including whether it was within the reasonable control of the movant.'"  Silivanch v. Celebrity Cruises, Inc., supra, 333 F.3d at 366, quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, supra, 507 U.S. at 395.  "[T]he equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule'" and where "'the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test.'"  Silivanch v. Celebrity Cruises, Inc., supra, 333 F.3d at 366-67 (alteration in original), quoting Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250-51 (2d Cir. 1997).

Plaintiffs' motion for an extension was filed within the 30 day time limit prescribed by Rule 4(a)(5).  The motion must be denied, however, because the plaintiffs have failed to show "excusable neglect" or "good cause."  Plaintiffs assert two excuses for their untimely filing:  first that their travel plans did not leave them with enough time to file the motion and second, interpreting their motion liberally, that they lacked

5

knowledge of the deadline for filing their appeal and a misunderstanding of what is required to appeal.

Plaintiffs' first excuse does not explain why their travel schedule prevented them from filing the notice of appeal in a timely manner. Plaintiffs do not explain why they chose to give their travel plans priority over the legal requirements necessary to take an appeal. Indeed, if personal preference or convenience were sufficient to take priority over the deadlines set in the Federal Rules of Civil or Appellate Procedure, all deadlines would become meaningless. In addition, given the extremely simple nature of a notice of appeal, see Form 1 to the Fed.R.App.P., and the 60-day time limit plaintiffs enjoyed, it is impossible to understand how their travel plans prevented them from making this filing in a timely manner. Plaintiffs reside only a few blocks from the Courthouse and the preparation and filing of a notice of appeal could not have taken more than two or three hours at the most. See Bass v. NYNEX, supra, 2004 WL 2674633 at *3 (denying motion for an extension of time to file an appeal where pro se plaintiff, a traveling salesman, claimed he filed late because his work "takes up a lot of his time").

As to the second contention, although courts have

> considerable sympathy for those who, through mistakes -- counsel's inadvertence or their own -- lose substantial right[s due to time limits established by law,] the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced -- where every missed deadline

6

> was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar.

Silivanch v. Celebrity Cruises, Inc., supra, 333 F.3d at 367-68. Courts have refused to grant extensions due to "excusable neglect" because of failure to read, understand, or follow a rule. See Weinstock v. Cleary, Gotlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir. 1994) (denying Rule 4(a)(5) motion even though movant missed the deadline because of a misreading of the old Rule 4(a)(4), which was amended while the litigation was ongoing because of its reputation as a "'trap' for the unsuspecting litigant"); United States v. Hooper, 43 F.3d 26, 28-29 (2d Cir. 1994) (denying Rule 4(a)(5) motion in a criminal case where defense counsel filed notice of appeal late due to confusion between the 30 day deadline under Rule 4(a) for a civil case and the 10 day deadline for a criminal case under 4(b)). Although a party's status as pro se is relevant in determining whether there has been "excusable neglect," United States v. Taylor, 97 Cr. 490 (LAP), 1998 WL 118173 at *2 (S.D.N.Y. Mar. 16, 1998), pro se parties are not automatically excused from complying with procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); see also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)

7

(per curiam) ("Procedural requirements . . . are not to be disregarded by courts out of a vague sympathy for particular litigants."); Mohasco Corp. v. Silver, 447 U.S. 806, 826 (1980) ("[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.").

Plaintiffs here are no exception. If they were unsure of the timing and filing requirements for appealing they had ample time to research the requirements; in fact, they had twice as much time as most litigants because the United States was a party. Furthermore, it is unlikely that they were unaware of the deadline to file a notice of appeal or the nature of the required filing. The records of the Court's Pro Se Office indicate that on May 4, 2005 plaintiffs were sent a copy of the judgment and a notice stating

> Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

Annexed to this notice was a form Notice of Appeal which plaintiffs could have completed by simply filling in the blanks. Plaintiffs were clearly on notice of the steps necessary to take an appeal and were given the tools necessary to complete these steps.

Thus, both of plaintiffs' contentions fail to show the "good cause" or "excusable neglect" required by Rule 4(a)(5) to extend their time to file a notice of appeal.

IV. Conclusion

For the foregoing reasons, plaintiffs' motion for an extension of time to file a notice of appeal is denied.

Dated:   New York, New York
         September 21, 2005

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Ms. Mary Ann Chiulli
99 Reade Street
Apt. 6W
New York, New York 10013

Mr. Robert M. Moore
99 Reade Street
Apt. 6W
New York, New York 10013

Heather K. McShain, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York 10007