USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

MARY ANN CHIULLI and
ROBERT MOORE,

              Plaintiffs,

  -against-

INTERNAL REVENUE SERVICE,

              Defendant.

------------------------------------X

03 Civ. 6670 (HBP)

ORDER
AND OPINION

      PITMAN, United States Magistrate Judge:

I.  Introduction

      Plaintiffs move for an order pursuant to Fed.R.Civ.P. 60(b) granting relief from the judgment that was entered on May 2, 2005 dismissing their claims. The parties have consented to my exercising jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, plaintiffs' motion is denied.

II. Facts

      The facts of this case are set forth more fully in my Opinion and Order dismissing the action, familiarity with which is assumed. Chiulli v. Internal Revenue Serv., 03 Civ. 6670 (HBP), 2005 WL 579885 (S.D.N.Y. Mar. 11, 2005). I concluded in that Opinion that plaintiffs had failed to commence their refund

action in a timely manner and, therefore, dismissed plaintiffs' claims for a refund of approximately $12,000 in overpaid taxes. Judgment was entered on May 2, 2005.

Plaintiffs filed a notice of appeal from that Order on July 7, 2005. Pursuant to Fed.R.App.P. 4(a)(1)(B), plaintiffs had 60 days from the date the judgment was entered, or until July 1, 2005, to file their notice of appeal. Accordingly, plaintiffs' filing of their notice of appeal on July 7, 2005 was untimely.

Plaintiffs subsequently moved for an extension of time to file a notice of appeal. I denied that motion on October 4, 2005. Chiulli v. Internal Revenue Serv., 03 Civ. 6670 (HBP), 2005 WL 2446233 (S.D.N.Y. Oct. 4, 2005).

Plaintiffs now seek relief pursuant to Rule 60(b) from the judgment that was entered on May 2, 2005 dismissing their claims.

III.  Analysis

   A.  Standard for a Rule 60(b) Motion

Rule 60(b) sets forth the grounds on which a court may grant relief from a final judgment or order. Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). It provides in pertinent part that:

2

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

The Second Circuit has stated that Rule 60(b) "preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time." House v. Sec'y of Health & Human Servs., 688 F.2d 7, 9 (2d Cir. 1982). Although Rule 60(b) "should be broadly construed to do 'substantial justice,' . . . final judgments should not be lightly reopened." Nemaizer v. Baker, supra, 793 F.2d at 61, citing Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981); Raposo v. United States, 01 Civ. 5870 (DAB), 98 Cr. 185 (DAB), 2005 WL 292750 at *2 (S.D.N.Y. Feb. 8, 2005); Amorosi v. Comp USA, 01 Civ. 4242 (KMK), 2005 WL 66605 at *2 (S.D.N.Y. Jan. 12, 2005).

Motions made pursuant to Rule 60(b) are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990), citing

Nemaizer v. Baker, supra, 793 F.2d at 61; Jones v. United States, 95 Civ. 0924 (DRH), 2006 WL 1120604 at *1 (E.D.N.Y. April 6, 2006). The Second Circuit requires that a Rule 60(b) motion be supported by evidence that is highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship result to the other parties. Greenberg v. Chrust, 01 Civ. 10080 (RWS), 2004 WL 585823 at *3 (S.D.N.Y. March 25, 2004), citing Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987).

Although the Court holds papers submitted by pro se litigants to a less rigorous standard than those drafted by attorneys, pro se litigants are not excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion. S.E.C. v. U.S. Environmental, Inc., 94 Civ. 6608 (PKL), 2004 WL 2274813 at *2 (S.D.N.Y. Oct. 8, 2004). See also Broadway v. City of New York, 96 Civ. 2798 (RPP), 2003 WL 21209635 at *3 (S.D.N.Y. May 21, 2003) ("the heavy burden for securing relief from final judgment applies to pro se litigants as well as those who are represented by counsel"); Raposo v. United States, supra, 2005 WL 292750 at *3, citing Gil v. Vogilano, 131 F.Supp.2d 486, 494 (S.D.N.Y. 2001) ("Pro se litigants 'are not . . . excused from the requirement that they produce "highly convincing" evidence to support a Rule 60(b) motion.'")

4

I have reviewed plaintiffs' affirmation and the record to determine whether plaintiffs can meet their burden for relief from the judgment that was entered on May 2, 2005 dismissing their claims. Although plaintiffs' motion does not invoke a specific subsection of Rule 60(b), I believe subdivisions (1) and (6) are the most relevant since plaintiffs base their arguments on allegedly improper legal irregularities and on the inadequacy of their prior submissions.

B.   Rule 60(b)(1)

Rule 60(b)(1) provides that on motion and upon such terms as are just, the court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. Such motions must be filed no later than one year after the entry of judgment. Fed.R.Civ.P. 60(b).

The Second Circuit has approved the use of subsection (1) to correct a district court's mistake of law or fact. In re 310 Assocs., 346 F.3d 31, 34 (2d Cir. 2003), citing Schildaus v. Moe, 335 F.2d 529, 531 (2d Cir. 1964) and Tarkington v. United States Lines Co., 222 F.2d 358 (2d Cir. 1955). Motions for relief from such judicial mistakes must be made before the time for appeal expires. International Controls Corp. v. Vesco, 556 F.2d 665, 670 (2d Cir. 1977). This additional time restriction has been imposed to "prevent[ ] Rule 60(b)(1) from becoming a way

to assert an otherwise time-barred appeal." In re 310 Assocs., supra, 346 F.3d at 35.

Plaintiffs filed their Rule 60(b) motion on May 1, 2006, merely one day before the expiration of the one-year deadline set forth in the rule and almost ten months after the expiration of their time to take an appeal. Pursuant to Fed.R.App.P. 4(a)(1)(B), plaintiffs had 60 days after the judgment was entered, or on or before July 1, 2005, to file their motion for appeal. Given that plaintiffs delayed filing their motion until the very end of the one-year deadline and raised arguments in support of the motion that clearly could have been made earlier, I find the motion to be untimely. See Cavalier Label Co. Inc. v. S.S. Lilika, 71 F.R.D. 395, 396 (S.D.N.Y. May 25, 1976) (denying motion made 356 days after judgment; "while the motion was interposed strictly within the time limit of the Rule, that time limit is merely an outer limit.").

C. Rule 60(b)(6)

Rule 60(b)(6) provides that the court, on motion and such terms as are just, may relieve a party from a final judgment for any reason, other than those articulated in subsections (1) - (5), that justifies relief from the operation of the judgment. In evaluating a Rule 60(b)(6) motion, the court must balance the interest of justice in granting the motion against the interest

6

of finality of judgment.  Socialist Republic of Romania v. Wildenstein & Co. Inc., 147 F.R.D. 62, 64 (S.D.N.Y. March 11, 2003).  If a movant demonstrates that justice favors vacating the judgment, then Rule 60(b)(6) gives a court discretion to take such action.  Id at 64-65.

A Rule 60(b)(6) motion must be made within a "reasonable time" after the judgment in issue has become final.  Fed.R.Civ.P. 60(b).  The Second Circuit has repeatedly held that a one-year delay in filing a Rule 60(b)(6) is unreasonable.  PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983); see Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 656 (2d Cir. 1979) (motion filed one year after final judgment not filed within a "reasonable time" under Rule 60(b)(6) where movant offered no explanation for delay).  Given that plaintiffs waited 364 days after judgment was entered to file their Rule 60(b) motion and have offered no explanation for this significant delay, I find that plaintiffs' Rule 60(b) motion is untimely.

In the alternative, even if I found that plaintiffs filed their motion within a reasonable time, their motion would still fail because they have not shown extraordinary circumstances justifying relief.  In order for a movant to be granted relief under Rule 60(b)(6), he or she must show the existence of "extraordinary circumstances justifying relief" and

7

demonstrate that the judgment may cause them to incur an extreme and undue hardship." Amorosi v. Comp USA, supra, 2005 WL 66605 at *4, citing Nemaizer v. Baker, supra, 793 F.2d at 63. The potentially unfavorable consequences that result from an adverse judgment properly arrived at do not, without more, constitute "exceptional circumstances". Atkinson v. Prudential Property Co., 43 F.3d 367, 373 (8th Cir. 1994).

In their motion plaintiffs simply raise the same facts that they argued earlier in this action, none of which are extraordinary. Plaintiffs were given a full and fair opportunity to oppose defendant's motion to dismiss, and there is nothing extraordinary about the fact that their failure to comply with certain procedural requirements in a timely manner required the dismissal of their claims. Cruickshank & Co. v. Dutchess Shipping Co., 805 F.2d 465, 469 (2d Cir. 1986) (held that vacating a judgment is inappropriate under Rule 60(b)(6) where "[n]o additional claims are advanced," and where movants "simply argue on the same facts that there are 'extraordinary circumstances' justifying the exercise of the district court's equitable powers."); see Williams v. New York, 122 F.3d 1058, 2 (2d Cir. 1997).

8

IV.  Conclusion

Accordingly, for all the foregoing reasons, plaintiffs' motion for relief from judgment is denied.

Dated:  New York, New York
        October 20, 2006

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Ms. Mary Ann Chiulli
99 Reade Street
Apt. 6W
New York, New York 10013

Mr. Robert M. Moore
99 Reade Street
Apt. 6W
New York, New York 10013

Heather K. McShain, Esq.
Assistant District Attorney
Southern District of New York
86 Chambers Street
New York, New York 10007